UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                Defendant. | CASE NO. C22-568 MJP<br><br>ORDER OF DISMISSAL |

The Court issues this Order sua sponte. Having reviewed Plaintiff's Complaint (Dkt. No. 5), and the balance of the record, the Court DISMISSES Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) without prejudice for failure to state a claim. (Dkt. No. 6.)

To satisfy Rule 8, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ( "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

The Court finds that Plaintiff has failed to state a claim for relief. Plaintiff alleges that in 2016 her daughter forged Plaintiff's signature on a Free Application for Federal Student Aid (FAFSA) form that her daughter then used to obtain student aid. Plaintiff alleges that although she alerted the United States Department of Education, it has not taken any steps to punish her daughter or resolve her complaint. She identifies personal struggles she has had with her daughter after the alleged forgery and blames the Department of Education. She sues the Department of Education for $9,000,000 in damages, which "includes $7 million for punative [sic] and personal property loss" and "$2 million, additional punative [sic] for being excluded from my daughter's wedding." (Dkt. No. 5 at 5.) The Court finds that the complaint fails to state a claim on which relief may be granted. Plaintiff has not identified a law under which she has filed suit or any cause of action that would entitle her to obtain monetary relief from the Department of Education. Nor has she demonstrated any tenable causal link between the alleged forgery and the harms she claims to have suffered. The Court also finds the claim to be frivolous in that it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). As pleaded, the complaint cannot proceed.

Having identified these defects in the complaint, the Court DISMISSES the complaint pursuant to 28 U.S.C. 1915(e)(2)(B). This statute applies because Plaintiff has been granted

leave to proceed in forma pauperis. Section 1915(e)(2)(B)(ii) states that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Given that Plaintiff's complaint does not state a claim for relief, the Court dismisses the action. The Court dismisses the action without prejudice, which allows Plaintiff the opportunity to file an amended complaint to cure the defects identified in this Order. Should Plaintiff file an amended complaint, she must ensure the allegations are sufficiently detailed to state a claim that is plausible on its face and that is not frivolous. The Court GRANTS Plaintiff 21 days leave to file an amended complaint.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated May 4, 2022.

Marsha J. Pechman
United States Senior District Judge