UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | CASE NO. C22-568 MJP<br><br>ORDER DISMISSING AMENDED COMPLAINT |

  The Court issues this Order on its own accord. Having reviewed Plaintiff's Amended Complaint (Dkt. No. 7) and the supporting materials filed on the docket, the Court DISMISSES Plaintiff's Amended Complaint with prejudice.

  There are certain minimum standards that apply to any complaint filed in federal district court. The standards applicable to Plaintiff's amended complaint are contained in Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. And "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). And because Plaintiff has been granted leave to proceed with this matter without paying the filing fee, the Court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In early May, the Court found that Plaintiff's initial Complaint did not satisfy the standards of Rule 8. (Order of Dismissal at 2 (Dkt. No. 6).) The Court explained that Plaintiff's Complaint did not identify a law that permitted her to file suit against the Department of Education or that would entitle her to the $9 million in damages she sought. (Id.) Without a cause of action (i.e., a law permitting the claims alleged), the case could not proceed. The Court also noted that even if Plaintiff had identified a cause of action, her complaint did not show a causal link between the alleged forgery of her signature and the alleged harms. (Id.) The Court granted leave to Plaintiff to cure these defects. Plaintiff then filed the Amended Complaint.

Having considered Plaintiff's Amended Complaint, the Court again finds that it does not to state a claim for relief as required by Rule 8. The Court notes that Plaintiff has done little to change the initial Complaint. She has made several small edits and added supporting exhibits.

But these changes and additions do not cure the problem. Plaintiff's Amended Complaint still does not identify a law that permits her claims against Defendant. And, again, Plaintiff has not demonstrated any causal link between the alleged forgery and the alleged harms. The Court finds that Plaintiff's Amended Complaint fails to satisfy Rule 8 and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In its earlier dismissal order, the Court also found Plaintiff's claims to be frivolous because they "lack[ed] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); (see Dkt. No. 6). Plaintiff's Amended Complaint does not change the frivolous nature of Plaintiff's claims. They continue to lack an arguable basis in law or fact and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of frivolous claims filed by a party who, like Plaintiff, has been granted leave to proceed without paying the filing fee).

Having identified these defects in the Amended Complaint and having afforded Plaintiff the opportunity to amend her claims, the Court DISMISSES the Amended Complaint with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B).

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated June 6, 2022.

Marsha J. Pechman
United States Senior District Judge